Abshir Abtidon BARROW,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A13–1520.

Court of Appeals of Minnesota.

April 21, 2014.

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and G. Paul Beaumaster, Rice County Attorney, Terence J. Swihart, Assistant County Attorney, Faribault, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; CHUTICH, Judge; and SMITH, Judge.

## OPINION

SMITH, Judge.

We affirm the district court's denial of appellant's petition for postconviction relief because the factual basis established at the time of appellant's guilty plea is sufficient to support the charge of third-degree sale of a controlled substance.

## FACTS

Appellant Abshir Abtidon Barrow, accompanied by his wife, traveled to Rochester to purchase cocaine in June 2010. As they were returning home, he became aware of police officers moving to stop his car. He handed some of the cocaine to his wife, instructing her to hide it, and she concealed it in her bra. Police officers discovered the cocaine nevertheless, and the state charged Barrow with three counts of controlled-substance crime, including third-degree sale of a controlled-substance, in violation of Minn. Stats § 152.023, subd. 1(1) (2008).

Barrow agreed to plead guilty to the third-degree controlled-substance-sale charge in exchange for dismissal of the remaining charges and a sentencing recommendation. When setting out the factual basis for his guilty plea, Barrow agreed that he bore full responsibility for acquiring the cocaine, and he stated that his wife had "nothing to do with it." Through counsel, Barrow also agreed that his conduct "satisfies the [statutory] definition of sale." The district court sentenced Barrow to 15 months' incarceration, a downward durational departure from the sentencing guidelines.

In May 2013, Barrow petitioned for postconviction relief, arguing that "the record does not establish a proper factual basis for the guilty plea" because he had "maintained constructive possession over the cocaine after he handed it to his wife." The district court denied his petition.

## ISSUE

Did the district court err by denying Barrow's petition for postconviction relief?

## ANALYSIS

■ Barrow argues that he should be allowed to withdraw his guilty plea because his plea was not accurate in that his conduct did not meet the statutory definition of a sale. When reviewing a district court's denial of a petition for postconvic-

tion relief, we review issues of law de novo and issues of fact for sufficiency of the evidence. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007). The validity of a guilty plea is an issue of law, which we review de novo. *State v. Raleigh,* 778 N.W.2d 90, 94 (Minn.2010). A guilty plea is valid only when it is accurate, voluntary, and intelligent. *State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994). A defendant must be allowed to withdraw an invalid guilty plea because it constitutes a "manifest injustice". *Raleigh,* 778 N.W.2d at 94; *see also* Minn. R.Crim. P. 15.05, subd. 1.

▬ Barrow argues that his guilty plea was not accurate. A guilty plea is accurate when it is supported by "sufficient facts on the record to support a conclusion that [the] defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson,* 664 N.W.2d 346, 349 (Minn.2003) (quotation omitted). But a guilty plea is inaccurate "when the defendant makes statements that negate an essential element of the charged crime." *Id.* at 350.

▬ Barrow contends that the factual basis he agreed to during his plea hearing does not support a controlled-substance-sale charge. His argument contradicts his explicit agreement, made through counsel, that his conduct met the statutory definition of sale. Although a defendant's agreement cannot in itself prove that the statutory elements of a crime have been met, *see State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983) (describing the district

court's role in supplementing a defendant's admissions at a plea hearing with additional questions and evidence), the record supports his concession. "Sell" is defined to include "sell, give away, barter, deliver, exchange, distribute or dispose of to another." Minn.Stat. § 152.01, subd. 15a(1) (2008). On its face, this broad definition is met by the act of giving the cocaine to his wife to hide it from law enforcement.

Citing the supreme court's analysis in *State v. Carithers,* 490 N.W.2d 620, 623 (Minn.1992), Barrow argues that, because he and his wife joinly acquired the cocaine, they each had constructive possession and neither could "sell" the cocaine to the other.[1] But *Carithers* assumes that the parties acquired the drugs jointly, and concludes that when each party "was immediately entitled to exercise joint physical dominion and control or actual physical possession over those drugs at all times following the completion of the sale," each party had "constructive possession from the moment of acquisition." *Id.* at 622. The supreme court also cautioned that "the issue in [*Carithers* ] is a very limited one," and it stated that "the state may be able to obtain a conviction by proving that the [drugs were] not jointly acquired." *Id.* at 623.

The facts here differ markedly from those in *Carithers.* Barrow stated at the plea hearing that his wife had "nothing to do" with acquiring the drugs, even though she accompanied him in the car to Rochester. The record thus establishes that

1. The state argues that *Carithers* is inapplicable because there is insufficient evidence that Barrow and his companion were actually married. But the district court implicitly found that Barrow's companion in the car was "his wife," and we defer to the district court's factual findings unless they are shown to be clearly erroneous, *Rasmussen v. Two Harbors Fish Co.,* 832 N.W.2d 790, 797 (Minn.2013). More importantly, however,

*Carithers* does not require that two persons jointly acquiring drugs be legally married to avoid criminal liability for a sale between them, only that they jointly acquired the drugs. *See* 490 N.W.2d at 622–23 (adopting reasoning from a federal court opinion that concluded that a "transfer" may not occur "between two individuals in joint possession of a controlled substance simultaneously acquired for their own use").

Barrow and his wife did not jointly acquire the drugs and therefore did not jointly possess them. Accordingly, *Carithers* does not support Barrow's argument.

■ Barrow also fails to establish that he maintained constructive possession of the cocaine when he gave it to his wife to hide. He argues that this transfer cannot constitute a sale because he gave her physical possession of the cocaine solely for the purpose of concealing it and he did not permanently relinquish his possessory interest. Although we concede that it is possible—even likely—that Barrow would have demanded that his wife return the cocaine to him if law enforcement had not discovered it, we conclude that Barrow's act of giving the cocaine to his wife for concealment terminated Barrow's *immediate* entitlement to physically possess it. At the moment his wife took the cocaine to conceal it in her bra, Barrow ceased to have physical access to the cocaine without his wife's consent. Accordingly, the act of giving it to her constituted a sale as defined by Minn.Stat. § 152.01, subd. 15a(1). Therefore, the district court did not err by denying appellant's petition for postconviction relief.

## DECISION

■ Under Minn.Stat. § 152.01, subd. 15a(1), giving a controlled substance to someone else in an attempt to conceal it from law enforcement is considered a sale. Because appellant's giving the cocaine to his wife to possess constitutes a sale, we affirm the district court's denial of Barrow's postconviction petition.

**Affirmed.**