STATE OF MINNESOTA

IN SUPREME COURT

A13-1520

Court of Appeals                                                             Gildea, C.J.

Abshir Abtidon Barrow,

        Appellant,

vs.                                                                              Filed: April 15, 2015
                                                                                 Office of Appellate Courts
State of Minnesota,

        Respondent.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

G. Paul Beaumaster, Rice County Attorney, Terence Swihart, Assistant Rice County Attorney, Faribault, Minnesota, for respondent.

_____

S Y L L A B U S

Because appellant pleaded guilty based on facts that do not fall within the definition of "sell" in Minn. Stat. § 152.01, subd. 15a(1) (2014), there was not a sufficient factual basis for his plea, and his motion to withdraw his guilty plea should be granted.

Reversed.

1

GILDEA, Chief Justice.

Appellant Abshir Abtidon Barrow pleaded guilty to one count of third-degree sale of a narcotic drug, Minn. Stat. § 152.023, subd. 1(1) (2014), and was sentenced to 15 months in prison. The factual basis for Barrow's plea was his admission that he gave cocaine to C.C., his wife, to hide when police officers pulled over the car in which he was a passenger. Barrow later filed a petition for postconviction relief, seeking to withdraw his guilty plea for lack of an adequate factual basis. Barrow argued in his petition that the statutory definition of "sell" requires the actor to intend to relinquish possession of the controlled substance. The postconviction court denied the petition without an evidentiary hearing, concluding that Barrow's actions constituted a sale. Barrow appealed, and the court of appeals affirmed. Because we conclude that Barrow's admitted conduct does not fit within the definition of "sell" in Minn. Stat. § 152.01 (2014), we reverse.

This case arises from a traffic stop in Faribault of a car that C.C. was driving and in which Barrow was a passenger. Agents with the Rice County Drug Task Force (DTF), who were conducting an investigation of crack cocaine trafficking in Faribault, obtained information that Barrow was dealing crack cocaine from his Faribault residence. Barrow reportedly left his residence in a car C.C. was driving in order to obtain more cocaine from his source. DTF agents spotted Barrow in the car, and after the driver made an improperly signaled left-hand turn, the agents asked uniformed Faribault police officers to conduct a traffic stop. After police stopped the car, a DTF agent frisked Barrow and discovered 0.7 grams of crack cocaine in Barrow's pocket. Another agent asked C.C.

2

where the additional cocaine was hidden in the car. C.C. stated that she had hidden cocaine for Barrow in her bra, at his request. She produced a 2.1-gram package of cocaine from inside her shirt near her bra.

In a subsequent taped statement, C.C. said that she and Barrow had driven to Rochester together, but that she had dropped him off, picked him up later, and was not involved with the purchase of cocaine. C.C. said that she agreed to hide the cocaine on her person because she is afraid of Barrow. In a statement of his own, Barrow confirmed that he bought cocaine in Rochester and that C.C. was not involved. He stated later, at the guilty plea hearing, that "[s]he didn't have nothing to do with it."

The State subsequently charged Barrow with three controlled-substance crimes: third-degree sale of a narcotic drug, Minn. Stat. § 152.023, subd. 1(1); third-degree possession of a narcotic drug with intent to sell, Minn. Stat. § 152.023, subd. 1(1); and fifth-degree possession of a controlled substance, Minn. Stat. § 152.025, subd. 2(a)(1) (2014). Barrow pleaded guilty to the third-degree sale charge.

To establish the factual basis for his guilty plea, Barrow admitted that he gave the cocaine to C.C. to hide the drugs for him when the police stopped the vehicle. The district court judge then asked, "Is it the agreement that that satisfies the definition of sale?" Defense counsel responded, "Yes," and when the judge noted the long list of verbs contained in the definition of sale, *see* Minn. Stat. § 152.01, subd. 15a(1), defense counsel conceded that, "unfortunately, I believe it does cover this kind of a circumstance." The prosecutor further asked Barrow if he understood that the definition of sale "includes giving drugs to somebody," and Barrow responded affirmatively. The

district court accepted Barrow's plea, convicted him of the third-degree sale count, and dismissed the other two counts.

At the sentencing hearing, the district court granted Barrow a downward durational departure from the presumptive sentence. The departure was based on the parties' agreement, as well as on the court's acknowledgement that though Barrow's conduct fell within the definition of "sale," there was no remuneration involved and the cocaine was for personal use. The court sentenced Barrow to 15 months in prison.

On May 24, 2013, Barrow filed a petition for postconviction relief, seeking to withdraw his guilty plea because the record did not establish a proper factual basis for the plea. Specifically, Barrow argued that his testimony at the plea hearing did not support his conviction for a "sale," because he did not admit that he relinquished his possessory interest in the controlled substance.

The postconviction court denied Barrow's petition without an evidentiary hearing. The court held that the definition of "sell" in Minn. Stat. § 152.01, subd. 15a requires "only a physical transfer of the possession of the contraband." The court distinguished Barrow's petition from the facts set forth in *State v. Carithers*, 490 N.W.2d 620 (Minn. 1992), in which we held that a defendant cannot be convicted of selling drugs to a spouse who already had constructive possession of those drugs. *Id.* at 623. The postconviction court explained that, whereas the spouse in *Carithers* actively participated in the purchase of drugs, Barrow testified that his wife had nothing to do with the cocaine prior to his handing the drugs to her. The court therefore concluded that, had Barrow not pleaded guilty, he "could have easily been convicted of a Third Degree Controlled Substance

4

Sale" based on his admission that he "transferred the drugs to his wife so that the police would not find them on his person."

Barrow appealed, and the court of appeals affirmed the denial of his petition for postconviction relief. *Barrow v. State*, 845 N.W.2d 555 (Minn. App. 2014). The court of appeals held that, "[o]n its face, th[e] broad definition [of 'sell'] is met by the act of giving the cocaine to his wife to hide it from law enforcement." *Id.* at 557. The court distinguished *Carithers*, noting that "*Carithers* assumes that the parties acquired the drugs jointly," which contrasts with Barrow's statement that C.C. had nothing to do with acquiring the drugs. *Id.* The court of appeals also concluded that Barrow failed to establish that he maintained constructive possession of the cocaine, noting that the act of giving the cocaine to C.C. "terminated Barrow's *immediate* entitlement to physically possess it." *Id.* at 558. The court, therefore, held that Barrow's conduct constituted a "sale" as defined by Minn. Stat. § 152.01, subd. 15a(1), and the district court did not err. *Id.* We granted Barrow's petition for review.

## I.

We review the summary denial of a petition for postconviction relief for an abuse of discretion. *Sontoya v. State*, 829 N.W.2d 602, 603 (Minn. 2013). We review legal issues de novo, and our review of factual matters is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Vance v. State*, 752 N.W.2d 509, 512 (Minn. 2008). Determining the validity of a guilty plea presents a question of law subject to de novo review. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A defendant has the burden of proving his plea was invalid. *Id.*

5

Barrow argues that there was not an adequate factual basis for his guilty plea because the act of handing cocaine to C.C. to hide it from the police did not constitute a sale as defined by Minn. Stat. § 152.01, subd. 15a(1), and therefore Barrow admitted to an act that is not covered by the statute. The State argues that the postconviction court correctly denied Barrow's petition because Barrow's conduct falls within the meaning of "sell" in the statute. The parties' dispute requires us to interpret the meaning of "sell" in Minn. Stat. § 152.01, subd. 15a(1). Statutory interpretation is a question of law that is subject to de novo review. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013).

Barrow was convicted under Minn. Stat. § 152.023, subd. 1(1), which states that a person is guilty of a controlled substance crime in the third degree if "the person unlawfully sells one or more mixtures containing a narcotic drug." Minnesota Statutes § 152.01, subd. 15a(1), in turn, defines "sell" as "(1) to sell, give away, barter, deliver, exchange, distribute or dispose of to another, or to manufacture; or (2) to offer or agree to perform an act listed in clause (1); or (3) to possess with intent to perform an act listed in clause (1)." Only clause (1) of the definition is at issue in this case, and we must determine whether Barrow's conduct falls within one of the verbs included in that clause's definition of "sell."

Barrow argues that his conduct does not fall within the plain meaning of any of the verbs in clause (1). The State generally argues that Barrow's conduct falls within the

definition of "sell" and it specifically contends that Barrow's conduct falls under the verbs "give away" and "deliver" included within the statutory definition of "sell."[1]

The statutory definition of "sell" in clause (1) begins by providing that "sell" means "to sell." Minn. Stat. § 152.01, subd. 15a(1). "Sell" commonly means "to give up (property) to another for money or other valuable consideration." *Webster's Third New International Dictionary of the English Language, Unabridged* 2061 (2002); *see State v. Peck*, 773 N.W.2d 768, 772 (Minn. 2009) ("When analyzing the plain and ordinary meaning of words or phrases, we have considered dictionary definitions."). Barrow handed the cocaine to C.C., but he did not admit to receiving anything of value from her in exchange. Accordingly, the "sell" portion of the statute's definition is not satisfied.

The State contends, however, that Barrow's conduct falls within the "give away" portion of the statutory definition. The word "give," on its own, could certainly mean the mere physical act of handing an object to someone. And Barrow did admit to physically handing the cocaine to C.C. The court of appeals did not rely on any specific verb in the definition of "sell" when it concluded that Barrow admitted to behavior that violated the statute. *See Barrow*, 845 N.W.2d at 557-58. But the court said that in handing the cocaine to C.C., Barrow "terminated [his] *immediate* entitlement to physically possess it." *Id.* at 558. The court also appeared to rely on Barrow's "act of giving the cocaine to his wife" to conclude that the statute covered Barrow's conduct. *Id*. at 557. The court's analysis was incomplete, however, because the verb at issue is not simply "to give." The

---

[1]     Because the State does not rely on the verbs "barter," "exchange," "distribute," or "dispose of," we do not consider these portions of the definition.

Legislature added the word "away," and we must give effect to the entire phrase "give away" when applying the statute. *Van Asperen v. Darling Olds, Inc.*, 254 Minn. 62, 73-74, 93 N.W.2d 690, 698 (1958) ("We apply the fundamental rule of statutory construction that a statute is to be read and construed as a whole so as to harmonize and give effect to all its parts. Moreover, various provisions of the same statute must be interpreted in the light of each other, and the legislature must be presumed to have understood the effect of its words and intended the entire statute to be effective and certain."); *see* Minn. Stat. § 645.17(2) (2014) (noting that the Legislature "intends the entire statute to be effective"). "Away" as an adverb is defined as "from one's possession." *Webster's Third New International Dictionary of the English Language, Unabridged* 152 (2002). *Webster's Third* also defines the full phrase "give away" as "to make a present of." *Id.* at 960. Consistent with these definitions, "give away" means that the defendant must give up more than temporary control of the item at issue.

Barrow admitted to handing or giving the cocaine to C.C., but he did not admit that he gave away the cocaine. Specifically, Barrow did not admit that he gave up his interest in the cocaine.[2] Rather, he testified that he gave the cocaine to C.C. not for her

---

[2] We agree with the court of appeals that our holding in *Carithers* is distinguishable from this case, because Barrow and his wife did not acquire the drugs jointly. *See* 490 N.W.2d at 622. Our interpretation of the statute in this case, however, is consistent with *Carithers*. There we stated that "[t]he inclusion of 'give away' in the list was undoubtedly designed (a) to cover the practice of giving youngsters or other potential customers drugs in order to encourage subsequent purchase and (b) to prevent defendants charged with an unlawful sale from denying that the transaction constituted a sale because they did not receive any money for the drug in question." *Id.* Barrow does not admit to either of those practices.

own use or as a gift for her to keep, but so she could hide the cocaine from the police who had stopped the car. Because Barrow did not admit that he gave away his interest in the cocaine to C.C., the "give away" portion of the definition of "sell" is not satisfied.

The State also relies on the verb "deliver" to argue that Barrow admitted to a sale. *Webster's Third* defines "deliver" as "to set free from restraint" or to "yield possession or control of." *Webster's Third New International Dictionary of the English Language, Unabridged* 597 (2002). Additionally, *Black's Law Dictionary* defines "delivery" as, "the giving or yielding possession or control of something to another." *Black's Law Dictionary* 494 (9th ed. 2009) (noting that the verb form of the noun "delivery" is "deliver").

Based on these definitions, it is conceivable that a person could "deliver" goods without giving up his or her possessory interest in those goods. But we have held that the meaning of a word "depends on how it is being used" in context. *Bd. of Regents of Univ. of Minn. v. Royal Ins. Co. of Am.*, 517 N.W.2d 888, 892 (Minn. 1994). Here, the context is the criminalization of the sale of drugs. *See* Minn. Stat. § 152.023, subd. 1(1) ("A person is guilty of controlled substance crime in the third degree if: (1) the person unlawfully sells one or more mixtures containing a narcotic drug"). The verbs the Legislature used in defining the unlawful conduct make it clear that the Legislature intended to criminalize drug transfers in ways other than a traditional exchange of drugs for money, such as, for example, when intermediaries are hired to convey drugs to other sellers or consumers. It is unreasonable, however, to infer that the Legislature's use of the word "deliver" in this context was intended to include conduct in which a defendant

9

merely hands drugs to another and asks that person to hide the drugs so that police do not discover them. Barrow admitted that he "gave [the drugs] to the driver of the motor vehicle so that she could hide them for [him]." He did not admit that he gave C.C. the drugs so that she could have them or convey them to others. Barrow specifically denied that C.C. had anything to do with the drug trade. He likewise did not admit that he gave up more than temporary control of the cocaine. The limited-purpose handoff here—done, as Barrow testified, so that police would not find the cocaine—does not constitute a delivery for purposes of the definition of a drug sale.

Other factual admissions might lead to a different outcome. But in this case, Barrow admitted to limited facts and those facts do not satisfy the definition of "sell" at issue here. Because Barrow did not "sell," "give away," or "deliver" the cocaine, we hold that his admitted conduct does not fit within the definition of "sell" in Minn. Stat. § 152.01, subd. 15a(1).

## II.

Having concluded that the facts to which Barrow admitted during his guilty plea colloquy did not show that his conduct fell within the statutory definition of "sell" in Minn. Stat. § 152.01, subd. 15a(1), we must decide whether the postconviction court should have allowed Barrow to withdraw his plea. The court must allow withdrawal of a plea when it is "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists if a guilty plea is not valid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). We have held that there are "three prerequisites to a valid guilty plea: it must be accurate, voluntary and intelligent (i.e., knowingly and

10

understandingly made)." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). To meet the accuracy requirement, a proper factual basis for the plea must be established. *Id.* The district court typically establishes a factual basis by asking the defendant to express in his own words what happened. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). The court should not accept a guilty plea "unless the record supports the conclusion that the defendant actually committed an offense at least as serious as the crime to which he is pleading guilty." *Id.* at 251-52.

At his plea hearing, Barrow's only factual admission was that he gave the cocaine to his wife, the driver of the car, so she could hide the cocaine for him. Because this admission does not satisfy the definition of "sell" in Minn. Stat. § 152.01, subd. 15a(1), the record does not support the conclusion that Barrow committed the offense of "unlawfully sell[ing] one or more mixtures containing a narcotic drug" as provided in Minn. Stat. § 152.023, subd. 1(1). Consequently, the factual basis for Barrow's guilty plea is insufficient, and he must be allowed to withdraw it. We therefore reverse the court of appeals, and remand to the district court for further proceedings consistent with this opinion.[3]

Reversed.

---

[3] We asked the parties to brief the level of intent required for conviction under Minn. Stat. § 152.01, subd. 15a. Because we resolve this case on the statutory definitions of "sell," we need not address this question.