*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0076**

Patrick Samuel Meszaros, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 15, 2016
Affirmed
Peterson, Judge**

Ramsey County District Court
File No. 62-CR-08-14893

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief following his convictions of second-degree controlled-substance crime and fleeing a

police officer in a motor vehicle, arguing that he should be allowed to withdraw his guilty pleas because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL). We affirm.

**FACTS**

When St. Paul police attempted to stop appellant Patrick Samuel Meszaros on October 28, 2008, for failing to signal a turn and for an equipment violation, Meszaros sped away. After he struck two parked vehicles during a high-speed chase, Meszaros was stopped. Police found 58.89 grams of methamphetamine on Meszaros's person and in his vehicle, and he was charged with first-degree controlled-substance crime and fleeing a police officer in a motor vehicle.

On November 13, 2008, Meszaros pleaded guilty to the fleeing-a-police-officer charge and to a reduced charge of second-degree controlled-substance crime. Consistent with his plea agreement, Meszaros received a 92-month sentence for the controlled-substance offense and a concurrent 17-month sentence for the fleeing offense.

Almost six years later, on July 18, 2014, Meszaros petitioned for postconviction relief, seeking to withdraw his guilty plea. He argued that "newly discovered evidence of massive reliability failures in the St. Paul Crime Lab . . . require a plea withdrawal or at least an evidentiary hearing." The district court denied the petition without an evidentiary hearing because the petition was untimely and appellant could not establish grounds for applying an exception to the statutory time bar. This appeal followed.

2

We review a district court's summary denial of postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

A petition for postconviction relief is untimely if it is "filed more than two years after the later of . . . the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1) (2014). Appellant was sentenced on January 21, 2009, and he did not file a direct appeal. His petition is untimely.

***Newly-discovered-evidence exception.***

An exception to the postconviction statute's time bar exists if

> the petitioner alleges the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition, and the evidence is not cumulative to evidence presented at trial, is not for impeachment purposes, and establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted.

Minn. Stat. § 590.01, subd. 4(b)(2) (2014). All five of these conditions must exist for the exception to apply. *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012).

This court previously addressed the statutory time bar for postconviction claims arising out of testing deficiencies at the SPPDCL in *Roberts v. State*, 856 N.W.2d 287 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). In *Roberts*, the district court

3

rejected a postconviction plea-withdrawal request on a drug offense, which was similar to appellant's request. 856 N.W.2d at 289. This court affirmed because the defendant "knew that the charge against him was based on the [SPPDCL's] test results," "had access to the test results under the discovery rules," and failed to show "that the information regarding the crime lab could not have been discovered through the exercise of due diligence." *Id.* at 291. This court also determined that the evidence regarding the SPPDCL was not clear and convincing evidence that the defendant was innocent. *Id.* at 291-92.

As in *Roberts*, appellant could have sought discovery of the basis for the SPPDCL test results before he entered his guilty plea, but he did not do so, and he has offered no evidence that would establish his innocence. Therefore, the newly-discovered-evidence exception does not apply.

***Interests-of-justice exception.***

Another exception to the postconviction statute's two-year filing limitation applies if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5) (2014). This exception applies only in "exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). In determining whether this exception applies, the district court considers

> the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed. We have also acted in the interests of justice when necessary to protect the integrity of judicial proceedings. We have recognized, however that under certain circumstances the *reversal* of a conviction may seriously affect the fairness, integrity, or public reputation of judicial proceedings.

*Id.* at 587 (citations omitted).

In *Roberts*, this court rejected the defendant's argument that the interests-of-justice exception should excuse his untimely postconviction petition due to deficiencies in testing at the SPPDCL. This court stated that the defendant "had the opportunity to investigate the validity of the test results in his case" but did not, and the defendant did not allege that his attorney failed to discuss that strategy with him before he entered his plea, or that the state knew of problems at the SPPDCL but did not disclose them. *Roberts*, 856 N.W.2d at 293. In addition, this court "discern[ed] no fundamental unfairness that need[ed] to be addressed" because it was "not fundamentally unfair to hold [the defendant] accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea in exchange for a reduced sentence." *Id.* The court also found no need "to act in the interests of justice to protect the integrity of the judicial proceedings" because "post-plea discovery of problems at [the SPPDCL] does not stem from a flaw in the judicial process." *Id.* This reasoning also applies to this case. Therefore, the interests-of-justice exception does not apply.

***Other arguments.***

Appellant argues that he should be able to withdraw his guilty plea to correct a manifest injustice. *See* Minn. R. Crim. P. 15.05, subd. 1 (permitting guilty plea withdrawal when "necessary to correct a manifest injustice"). "A manifest injustice exists if a guilty plea is not valid." *Barrow v. State*, 862 N.W.2d 686, 691 (Minn. 2015). To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Id.* Appellant has the burden to show that his plea is invalid. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). Whether

a guilty plea is valid is a question of law, which we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

The requirement that a plea be accurate "protect[s] a defendant from pleading guilty to a more serious offense than he could be convicted of if he were to go to trial." *Matakis v. State*, 862 N.W.2d 33, 37 (Minn. 2015) (quotation omitted). A proper factual basis must be established for a plea to be accurate. *Barrow*, 862 N.W.2d at 691.

Citing *State v. Olhausen*, 681 N.W.2d 21, 28 (Minn. 2004), and *State v. Vail*, 274 N.W.2d 127, 134 (Minn. 1979), appellant argues that, in a controlled-substance prosecution, proof of the actual identity of the controlled substance is required; the defendant's belief about the identity of the substance is not sufficient. But neither *Olhausen* nor *Vail* involved a conviction based on a guilty plea; the controlled-substance charge in *Olhausen* was tried to a jury, 681 N.W.2d at 25, and the charge in *Vail* was tried to the court. 274 N.W.2d at 130. Both cases addressed the sufficiency of the evidence to prove the identity of the controlled substance. *Olhausen*, 681 N.W.2d at 28-29; *Vail*, 274 N.W.2d at 133-34. By pleading guilty, appellant waived the right to a trial by a jury or judge where evidence would be required to prove beyond a reasonable doubt the identity of a controlled substance. Appellant has not shown that his plea was not accurate.

As to voluntariness, appellant argues that informing him at the time of his plea that a credible scientific lab had tested the substance and found that it was a controlled substance was an improper pressure that induced him to plead guilty. Appellant's mere claim that there was improper pressure is not sufficient to show that his plea was involuntary. *See Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998) (stating that for

6

plea to be involuntary, it must have been achieved through "mental coercion overbearing the will of the defendant" or "actual or threatened physical harm" (quotations omitted)), *review denied* (Minn. July 16, 1998).

A plea is intelligent if the "defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *Raleigh*, 778 N.W.2d at 96. Appellant contends that he did not adequately understand the scope of his right to challenge the SPPDCL test results and that he was waiving this right when he pleaded guilty. But appellant's petition to enter a guilty plea states that appellant's attorney told appellant, and appellant understood, that he had "a right to a pre-trial hearing before a judge to determine whether or not the evidence the prosecution has could be used against me if I went to trial in this case," and "whether or not I have had such a hearing I will not be able to object tomorrow or any other time to the evidence that the prosecutor has." Appellant has not shown that these assertions in his plea petition were not truthful or that he did not understand that he had a right to challenge the state's evidence.

Appellant also separately asserts constitutional claims of a *Brady*[1] violation and a procedural-due-process violation. But, by pleading guilty, appellant waived these claims. *See State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quotation omitted)).

---

[1] Under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963), the prosecution must disclose exculpatory evidence to the defendant upon request.

Appellant argues that his trial attorney was ineffective. He contends that his trial attorney's failure to "demand and review the underlying [SPPDCL] file in his case" constituted a deficient performance. An attorney provides effective assistance when the attorney exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001). As in *Roberts*, appellant did not question the validity of the SPPDCL laboratory test results, and he did not provide his attorney with a factual basis for doing so. 856 N.W.2d at 292-93. In any event, whether to investigate the controlled-substance test results was a matter of trial strategy, which is not subject to review by this court. *See Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (stating that "[t]he extent of counsel's investigation is considered a part of trial strategy"). Appellant has not shown that he was denied effective assistance of counsel. *See Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (stating that for valid ineffective assistance of counsel claim, appellant must show "(1) that his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quotation omitted)).

Because the record conclusively shows that appellant is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *See* Minn. Stat. 590.04, subd. 1 (2014) (permitting summary denial of a postconviction petition when it is conclusively shown that the petitioner is not entitled to relief); *see also Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005) ("An

evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits.").

**Affirmed**.