Lori Swanson, Attorney General, St. Paul, Minnesota; and Benjamin T. Lindstrom, Cass County Attorney, Walker, Minnesota; and Scott A. Hersey, Special Assistant County Attorney, St. Paul, Minnesota (for respondent)
Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)
Considered and decided by Smith, Tracy M., Presiding Judge; Rodenberg, Judge; and Reilly, Judge.
RODENBERG, Judge *777 In these consolidated appeals, appellant David Jones appeals from the district court's order denying his motion to withdraw his guilty pleas before sentencing in two different cases. He argues that (1) his guilty plea to first-degree burglary was not constitutionally valid because the factual basis offered in support of it negated an essential element of the charge and failed to establish a second element, and (2) the district court abused its discretion in denying his motion to withdraw his guilty pleas under the fair-and-just standard. We affirm.
FACTS
On October 5, 2016, at approximately 7:54 a.m., law enforcement officers responded to a report of a possible trespass at a tribal house in Cass Lake.[1] The house was boarded up, but one board was pulled away from the back window and it appeared to officers that people were in the house. A housing employee removed a board from the front door and unlocked the door, enabling police to enter. Officers located appellant lying on a cot in the northeast bedroom. There was a yellow-gripped black revolver on the floor next to the head of the cot. Appellant was handcuffed and searched. Officers found a needle and money in appellant's front left pants pocket. During the search of the house, an officer noticed appellant moving around and one officer saw appellant ingest several small bindles of a substance that appellant claimed to be heroin. On the floor next to appellant, there were more bindles that field-tested positive for heroin. Officers determined the revolver to be a .22 caliber pistol, and found it was loaded with nine .22 long-rifle cartridges. Appellant was transported to a hospital where he was medically cleared. He was then transported to jail.
Appellant had multiple prior convictions that made him ineligible to possess a firearm as of October 5, 2016. Appellant was charged with first-degree burglary, among other crimes.[2] While in custody on these charges, the district court granted appellant a furlough for part of March 1, 2017, to attend a funeral. On March 1, appellant signed a furlough agreement that specifically noted, "I will be subject to ESCAPE Charges if I do not return at the stated date and time, unless changes are approved." Appellant did not report back to the Cass County Detention Center as scheduled at the end of his furlough.
On March 19, 2017, a Leech Lake Tribal Police Officer was on patrol in Cass County when he stopped a car that he observed cross the centerline. While speaking with the driver, the officer observed a male passenger in the back seat of the car who did not make eye contact when the officer asked him a question. Another officer asked the passenger for his name, which he said was "[C.B.]." The officer knew C.B., and knew that the passenger was not *778 C.B. The passenger was later identified as appellant, and he was again arrested and searched. Officers found a total of seven hypodermic needles on appellant's person. Appellant complained that his stomach hurt and admitted to having swallowed a bindle of methamphetamine. Appellant was charged with escape from custody (for not having returned after the March 1 furlough), providing a false name to a peace officer, and possession of hypodermic needles.[3]
A plea agreement was reached in both cases. Appellant appeared in court on March 27, 2017, and pleaded guilty in the first case to first-degree burglary while possessing a firearm and being an ineligible person in possession of a firearm. Appellant also pleaded guilty to the escape charge in the second case. The agreement provided that appellant would be released on electronic home monitoring and that, if he abided by his conditions of release and appeared at sentencing, appellant would serve a 90-month sentence on the first-degree burglary charge and a 60-month concurrent sentence on the charge for possession of a firearm by an ineligible person, and the escape charge would be dismissed at sentencing. If appellant failed to appear as scheduled or violated the conditions of his release, he would serve 117 months as a guidelines sentence on the first-degree burglary (the first case), a concurrent 60-month sentence on the possession of a firearm charge, and a consecutive year and a day on the escape charge (the second case).
After appellant entered guilty pleas in both files, he was released on electronic home monitoring under the plea agreement. Appellant cut off his electric-home-monitoring bracelet within a matter of hours because he was having withdrawal symptoms and needed to find drugs. Appellant was later arrested and moved to withdraw his guilty pleas before sentencing, claiming that he had been under the influence of narcotics when he pleaded guilty, that his waivers of rights were not knowing and intelligent, and that he was not competent or lacked the capacity to testify regarding the facts of the offenses. The district court denied appellant's motion to withdraw his guilty pleas. It found that appellant's testimony that he was under the influence of narcotics at the time he entered the pleas was not credible. The district court sentenced appellant as the parties had agreed.
This appeal followed.
ISSUES
I. Was appellant's guilty plea to first-degree burglary constitutionally valid?
II. Did the district court abuse its discretion by denying appellant's presentencing motion to withdraw his guilty pleas?
ANALYSIS
I. Appellant's guilty plea to first-degree burglary was valid.
Appellant first argues that his guilty plea to the first-degree burglary was inaccurate and therefore not valid. Appellant bears the burden of showing that his plea was invalid, but the validity of a plea is a question of law reviewed de novo. State v. Raleigh , 778 N.W.2d 90, 94 (Minn. 2010).
A manifest injustice, necessitating plea withdrawal, occurs whenever a *779 guilty plea is not valid. Id. "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." Id. For a guilty plea to be accurate, a factual basis must be established showing that the defendant's conduct meets all elements of the offense to which he is pleading guilty. State v. Iverson , 664 N.W.2d 346, 349-50 (Minn. 2003). If the defendant's plea colloquy negates an essential element of the charged crime, the factual basis is inadequate. Id. at 350.
Because appellant challenges the accuracy of his guilty plea to the first-degree burglary charge, we must first ascertain the essential elements of first-degree burglary. See State v. Vasko , 889 N.W.2d 551, 556 (Minn. 2017) (stating that, when evaluating the sufficiency of the evidence to convict, "it is often necessary to interpret a criminal statute"). A defendant is guilty of first-degree burglary if he
enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice ... if:
....
(b) the burglar possesses, when entering or at any time while in the building, ... a dangerous weapon.
Minn. Stat. § 609.582, subd. 1(b).
Appellant admits that he possessed a firearm while in the building, but argues that his plea testimony negated the element of entering the building "without consent" and argues that the plea colloquy fails to demonstrate that he "committed a crime while in the building."
A. Appellant's testimony provided a sufficient factual basis to establish that appellant entered a building without consent.
Minnesota law defines "enters a building without consent" for purposes of burglary offenses as entry into a building "without the consent of the person in lawful possession." Minn. Stat. § 609.581, subd. 4(a) (2016). A "person 'in lawful possession' under Minn. Stat. § 609.581, subd. 4(a)," is defined as a "person who has a legal right to exercise control over the building in question." State v. Spence , 768 N.W.2d 104, 108-09 (Minn. 2009). Therefore, to determine whether the record here is adequate to demonstrate this element, we must determine whether appellant had consent to enter the building from a person who had a legal right to exercise control over the building. Minn. Stat. §§ 609.581, subd. 4(a), .582 (2016).
During the plea colloquy, appellant testified that his incarcerated cousin had been a tenant of the tribal house and gave appellant permission to be there. Appellant further testified that, as of the time of his plea, he knew that Leech Lake Housing Authority owned the tribal house at the time he entered it, and neither the Housing Authority nor anyone in lawful possession had consented to appellant's entry into the tribal house. Appellant testified that, after he was arrested, he and his attorney reviewed the lease agreement that his cousin had signed with Leech Lake Housing Authority, and it became clear to appellant that he had no legal authority to be in the building. Appellant's cousin was not in lawful possession of the tribal house when appellant entered it. Consequently, appellant did not have consent to be in the building, and he so testified.
Appellant argues on appeal that his testimony at the plea hearing negated the element of entering without consent, because he believed he had his cousin's permission to be there at the time he entered, and therefore had a claim of right to enter. Appellant argues that the first-degree burglary *780 statute requires proof that he entered the building without a claim of right, because trespass is a lesser-included offense of burglary.
"In determining whether an offense is a necessarily included offense, we must look at the elements of the offense rather than the facts of the particular case." State v. Roden , 384 N.W.2d 456, 457 (Minn. 1986) (citation omitted). If it is impossible to commit first-degree burglary without committing trespass, then trespass is a lesser-included offense. See id. ("A lesser offense is necessarily included in a greater offense if it is impossible to commit the latter without also committing the former.").
In support of this argument, appellant cites State v. Roberts , where this court stated, "[a]bsent an intent to commit a crime in the building, the same conduct constitutes an included misdemeanor offense of trespass."[4] 350 N.W.2d 448, 451 (Minn. App. 1984) ; see Minn. Stat. § 609.04, subd. 1(4) (2016) (an included offense may be a crime necessarily proved if the crime charged were proved). The Minnesota Supreme Court has held that an element of criminal trespass is that the defendant had no legal claim of right to be on the premises where the trespass is alleged to have occurred. State v. Brechon , 352 N.W.2d 745, 750 (Minn. 1984). As such, appellant contends that the first-degree burglary statute requires that the defendant enter the building without consent or a claim of right. "Statutory interpretation is a matter of law that we review de novo." Iverson , 664 N.W.2d at 350.[5]
"[A] person is guilty of a misdemeanor [trespass] if the person intentionally ... occupies or enters the dwelling or locked or posted building of another, without claim of right or consent of the owner or the consent of the one who has the right to give consent, except in an emergency situation."[6] Minn. Stat. § 609.605, subd. 1(b)(4). In Brechon , the Minnesota Supreme Court noted that the legislature inserted the claim-of-right language in the trespass statute to protect an innocent trespasser from criminal prosecution because "[i]f the defendant has a claim of right, he lacks the criminal intent which is the gravamen of the offense." 352 N.W.2d at 749. The supreme court construed the claim-of-right language to be an element of *781 trespass because "[t]here is no punishable act of trespass if the state cannot show [the] defendant was on the premises without a claim of right." Id.
There is no corresponding claim-of-right language in Minn. Stat. § 609.582, subd. 1, and there is no need or occasion to judicially impose such language to protect an innocent person, because a burglary charge requires proof of either a crime committed while in the building or the intent to commit a crime while therein. See State v. Wenthe , 865 N.W.2d 293, 302 (Minn. 2015) ("[W]e have generally declined to imply mens rea when the statute does not otherwise result in strict liability."). Therefore, despite language to the contrary in this court's Roberts opinion, misdemeanor trespass is not a lesser-included offense of first-degree burglary. Minn. Stat. § 609.582, subd. 1, does not require the state to prove that appellant entered a building without a claim of right. And appellant testified during the plea colloquy that he entered the building without consent of the legal possessor of it. That testimony satisfied the entry-without-consent element.
Appellant also argues that the factual basis provided by his plea testimony was insufficient to demonstrate that he entered the building without consent, because appellant did not realize that he did not have consent to enter the building until he reviewed the lease agreement between his cousin and Leech Lake Housing Authority. In other words, appellant did not realize the absence of consent to his entry into the tribal house at the moment of entry. Appellant relies on State v. Mikulak , where the defendant pleaded guilty to knowingly violating the predatory-offender-registration statute and was convicted. 903 N.W.2d 600 (Minn. 2017). In reversing the defendant's conviction, the supreme court held that the factual basis for the guilty plea was inaccurate because the defendant stated that he did not know that he violated the statute until the plea hearing. Id. at 605. But the point at which appellant in this case became aware that he did not have consent to enter the building in this case is immaterial. Knowledge of the law at the time of the violation was an element of the offense of knowingly violating the predatory-offender-registration statute at issue in Mikulak ; there is no similar requirement in Minn. Stat. § 609.582, subd. 1(b). Cf. State v. Benniefield , 678 N.W.2d 42, 49 (Minn. 2004) (concluding that the crime of possession of a controlled substance in a school zone did not require the state to prove the defendant knew he was in a school zone). Appellant's testimony provided a sufficient factual basis to establish that he entered the building without consent within the meaning of Minn. Stat. § 609.582, subd. 1(b).
B. Appellant's testimony provided a sufficient factual basis to establish that appellant committed a crime while in the building.
Appellant argues that he did not commit a crime while in the building. He posits that, because he had already committed the crime of being a felon in possession of a firearm before entering the building, his possession of a firearm in the building is insufficient to satisfy that element of first-degree burglary. Appellant relies on two cases in support of this proposition.
In State v. Larson , the Minnesota Supreme Court held that trespass cannot serve as the independent-crime element of burglary. 358 N.W.2d 668, 670 (Minn. 1984). In State v. Colvin , the supreme court held that a violation of a no-entry provision of an order for protection (OFP) is "excluded from the crimes that can be the bases for the independent crime element *782 of burglary."[7] 645 N.W.2d 449, 454 (Minn. 2002). There, the supreme court noted that the only identifiable criminal act in both charges is the illegal entry, and both offenses are designed to protect the interests that are invaded by the unauthorized entry. Id.
The scenario here is markedly different than that in either Larson or Colvin . Criminal possession of a firearm by an ineligible person is an offense that is distinct from the act of the unauthorized entry. Appellant focuses his argument on the timing of the independent crime. While Colvin did note that "both offenses are complete upon entry" with respect to trespass and violation of an OFP, the critical reason that Colvin held that those crimes could not satisfy the independent-crime requirement was that both offenses related to the unauthorized entry. 645 N.W.2d at 454. The fact that appellant here may have committed a crime by possessing a firearm before entry does not change the conclusion-and appellant's admission-that he also committed that crime while in the building. Possession of a firearm by an ineligible person can serve as the independent crime for first-degree burglary under the plain meaning of the first-degree burglary statute. See Weston v. McWilliams & Assocs. , 716 N.W.2d 634, 639 (Minn. 2006) ("We can disregard a statute's plain meaning only in rare cases where the plain meaning utterly confounds a clear legislative purpose." (quotation omitted) ). Therefore, appellant's plea testimony provided a sufficient basis for concluding that appellant committed a crime while in the building.
II. The district court acted within its discretion in denying appellant's motion to withdraw his guilty pleas.
Appellant moved the district court, before sentencing, to withdraw his guilty pleas in both cases. The district court denied the motion.
A district court may allow a defendant to withdraw a guilty plea before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. In applying the fair-and-just standard, the district court must consider the defendant's reasons as to why the defendant should be allowed to withdraw his or her plea and balance those reasons against any prejudice the state would suffer. Id. The defendant has the burden to show why plea withdrawal is fair and just. Raleigh , 778 N.W.2d at 97. The decision whether to permit withdrawal under the fair-and-just standard is within a district court's discretion and "will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion." State v. Kaiser , 469 N.W.2d 316, 320 (Minn. 1991) (quotation omitted). In other words, the standard for plea withdrawal before sentencing is less demanding than the standard for plea withdrawal after sentencing, but our review of denial of a presentence plea-withdrawal motion is deferential to the district court's discretion.
Appellant argues that it would have been fair and just to have allowed him to withdraw his guilty pleas. Appellant testified that he had used heroin in jail before his plea hearing and was "fading in and out" during the hearing. He testified that he would not have entered the guilty pleas but for his condition. The district court *783 found that appellant's testimony regarding heroin use before his plea hearing was not credible; we defer to such credibility determinations. State v. Aviles-Alvarez , 561 N.W.2d 523, 527 (Minn. App. 1997), review denied (Minn. June 11, 1997). The district court is in the best position to resolve credibility questions such as this. The district court found that there were no other reasons for appellant to withdraw his guilty pleas and appellant does not argue any other basis for withdrawing his guilty pleas. The district court acted within its discretion in denying appellant's motion to withdraw his guilty pleas.
DECISION
Appellant's testimony at his plea hearing provided a sufficient factual basis to establish the elements of first-degree burglary under Minn. Stat. § 609.582, because the state is not required to prove that appellant did not have a claim of right to be in the building and because committing the crime of being an ineligible person in possession of a firearm is a sufficient independent crime committed inside the building under the plain language of Minn. Stat. § 609.582. The district court acted within its discretion when it denied appellant's presentencing motion to withdraw his guilty pleas.
Affirmed.

The house is owned by Leech Lake Housing Authority of the Leech Lake Band of Ojibwe and is referred to in the record as a "tribal house."

Appellant was charged with Count I: First Degree Burglary - Possess Firearm (Minn. Stat. § 609.582, subd. 1(b) ); Count II: Fifth Degree Controlled Substance - Subsequent (Minn. Stat. § 152.025, subd. 2(1) (2016) ); Count III: First Degree Burglary - Possess Firearm (Minn. Stat. § 609.582, subd. 1(b) ); and Count IV: Certain Persons Not to Possess Firearms (Minn. Stat. § 624.713, subd. 1(2) (2016) ).

Count I: Escape from Custody (Minn. Stat. § 609.485, subd. 2(1) (2016) ); Count II: False Name to a Peace Officer (Minn. Stat. § 609.506, subd. 1 (2016) ); and Count III: Possession of Hypodermic Needles (Minn. Stat. § 151.40, subd. 1 (2016) ).

In Roberts , this court was construing Minn. Stat. § 609.58, subd. 2 (1982), which provided that "[w]hoever enters a building without the consent of the person in lawful possession ... with intent to commit a crime in it ... commits burglary." 350 N.W.2d at 451. That statute was repealed and replaced, and the current statute provides that a person is guilty of burglary if the person enters without consent of the person in lawful possession, with intent to commit a crime, or enters without consent of the person in lawful possession and commits a crime in the building. Minn. Stat. § 609.582, subd. 1.

At oral argument, the state did not expressly argue that section 609.582, subdivision (1)(b), does not require proof that appellant knew he did not have consent at the time of entry. Instead, it focused its analysis on the fact that appellant should have known that he had no consent to enter the tribal house because he had to pull boards off of the house in order to get in, and because appellant's cousin was only a tenant. Notwithstanding any arguments made or not made by the parties, we construe the statute de novo. It appears to us that appellant's trial counsel correctly understood the requirements of section 609.582, subdivision 1(b), by focusing during the plea colloquy on the fact that appellant did not have consent to enter the tribal house from one who was in lawful possession.

In Roberts , the relevant trespass statute provided that one who "[o]ccupies or enters the dwelling of another, without claim of right or consent of the owner" is guilty of a misdemeanor. 350 N.W.2d at 451. The statute has since been amended but the relevant "without claim of right or consent" language has remained the same.

The supreme court stated that "a court adjudicating a burglary charge based on a violation of an OFP must determine that the OFP violation constituted something more than mere entry into the home in order to support the burglary charge." Colvin , 645 N.W.2d at 454.