STATE OF MINNESOTA

IN SUPREME COURT

A21-1713

Court of Appeals                                                    Moore, III, J.
                                                      Took no part, Hennesy, J.

State of Minnesota,

              Respondent,

vs.                                                      Filed: June 5, 2024
                                                  Office of Appellate Courts

Sylvester Jones,

              Appellant.

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam Petras, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

A guilty plea is inaccurate, thus entitling a defendant to withdraw the plea to correct a manifest injustice under Minn. R. Crim. P. 15.05, subd. 1, when a defendant makes a statement during the plea colloquy essentially negating an element of the charged offense, only leading questions are asked in an attempt to rehabilitate the plea, the statement is neither withdrawn nor corrected by the defendant on the record, and the factual basis for the plea is not sufficiently established by other means.

Reversed and remanded.

1

MOORE, III, Justice.

This case involves an unusual turn of events in a guilty-plea hearing when a defendant made a statement seemingly negating his guilt of at least one element of the crime that he had just pleaded guilty to committing. Shortly after appellant Sylvester Jones pleaded guilty to third-degree criminal sexual conduct using force, Minn. Stat. § 609.344, subd. 1(c) (2022), Jones made a statement on the record apparently denying that he had committed that offense. Jones then responded affirmatively to a series of leading questions posed by defense counsel in an effort to rehabilitate the factual basis for the guilty plea. Without any inquiry on the record from the district court judge, the prosecutor, or defense counsel with Jones regarding his prior contradictory assertion of innocence, the judge found Jones's factual basis sufficient to support his guilty plea, accepted it, and adjudged Jones guilty. Jones did not request withdrawal of his guilty plea at the continued sentencing hearing, and the district court sentenced Jones to 153 months in prison. On appeal, Jones argued that his unaddressed assertion of innocence made the factual basis for his guilty plea inaccurate. The court of appeals affirmed.

Because the use of leading questions was insufficient to rehabilitate the guilty plea when the questions immediately followed Jones's assertion of innocence that he neither withdrew nor corrected on the record, and the factual basis for the plea was not sufficiently established by other means, we conclude that Jones's guilty plea was inaccurate. Accordingly, we reverse the court of appeals and remand to the district court.

**FACTS**

In December 2019, Jones was charged in Hennepin County with third-degree criminal sexual conduct, using force to accomplish the sexual penetration, Minn. Stat. § 609.344, subd. 1(c), attempted third-degree criminal sexual conduct using force, Minn. Stat. § 609.17 (2022); *see* Minn. Stat. § 609.344, subd. 1(c), and felony domestic assault, Minn. Stat. § 609.2242, subd. 4 (2022). The State later amended the complaint to add a charge of first-degree criminal sexual conduct, Minn. Stat. § 609.342, subd. 1(e)(i) (2020),[1] based on the same incident. In the complaint, the State alleged that Jones used force to engage in sexual intercourse with the alleged victim, a woman with whom Jones shares two children. After initially pleading not guilty and demanding a speedy trial, Jones later entered a straight guilty plea to the third-degree criminal sexual conduct charge in return for dismissal of the other charges, including the more serious first-degree count.

Jones's appeal to this court is based on what occurred at the guilty plea hearing. At that hearing, Jones pleaded guilty to the third-degree criminal sexual conduct charge pursuant to a plea agreement with the State. Jones confirmed through questioning from his attorney that he reviewed the written plea petition "line per line" with his attorney and that he understood its terms. During defense counsel's questioning of Jones regarding his waiver of trial rights, the prosecutor interjected a question to Jones about whether he

---

[1]    Minnesota Statutes § 609.342, subd. 1(e)(i) (2020) provides that a person is guilty of first-degree criminal sexual conduct when the person "causes personal injury to the complainant" and "uses force or coercion to accomplish the act." This statute was amended in 2021 and recodified as Minn. Stat. § 609.342, subd. 1(c)(ii) (2022). Act of June 30, 2021, ch. 11, art. 4, § 16, 2021 Minn. Laws 1st Spec. Sess. 1947, 2038–39.

understood that the conviction could potentially enhance future charges against him. Jones replied: "I was going to fight this case cuz I'm not scared of this case *and I never raped my baby momma*, so it will never happen again. So, you know, I do understand that, but at the same time, I'm just going to keep it simple. Yeah, I understand." (Emphasis added.) Neither Jones's attorney, the prosecutor, nor the judge addressed or clarified this statement on the record with Jones, and Jones said nothing further about it.

At the judge's direction, defense counsel then proceeded to lay the factual basis for the plea, engaging in the following dialogue with Jones:

> Q. Mr. Jones, back around October 31, 2019, you were in the city of Minneapolis, Hennepin County, Minnesota; is that correct?
> A. Yes.
> Q. And at some point that day you were with your significant other with the initials A.L.K.; is that correct?
> A. Yes.
> Q. And the two of you at some point that day had gotten into an argument, correct?
> A. Yes.
> Q. And that argument turned physical, correct?
> A. Yes.
> Q. And part of that argument you used force such as punching and hitting, correct?
> A. Yes.
> Q. And because you were using that force, you were able to have sexual intercourse with A.L.K. despite her not consenting to that, correct?
> A. Yes.
> Q. And when I say sexual intercourse, you agree that your penis penetrated her vagina; is that correct?
> A. Yeah.

Without any follow-up questioning to clarify Jones's previous apparent contradictory assertion that he "never raped" the alleged victim, the district court found that the facts he

4

testified to were sufficient to support his guilty plea, accepted Jones's guilty plea, and set the case for a sentencing hearing.

At the sentencing hearing, the district court judge provided Jones with an opportunity to make a statement before being sentenced. Jones gave a lengthy response, which ended with him saying "I keep telling you guys I did not do that to my babies' mom." Jones's attorney stated that clarification from Jones was necessary about whether he wanted to withdraw his plea or proceed with sentencing. The court continued the sentencing to permit counsel to discuss the case further with Jones, stating that "there clearly are issues that need to get sorted out before we go forward."

At the continued sentencing hearing 8 days later, Jones's attorney announced that Jones was prepared to be sentenced. At no time before or at the continued sentencing hearing did Jones file a motion to withdraw his guilty plea. When asked again by the district court judge if he had anything further to say, Jones said "no." The district court proceeded to sentence Jones to 153 months in prison with credit for 608 days served in custody before sentencing.

On appeal, Jones argued that he is entitled to withdraw his guilty plea to correct a manifest injustice because his plea's factual basis was inaccurate. In a split opinion, the court of appeals affirmed Jones's conviction, concluding that his guilty plea is valid. *State v. Jones*, No. A21-1713, 2023 WL 125857, at *3 (Minn. App. Jan. 9, 2023). The majority reasoned that Jones's assertion of innocence during the plea hearing did not invalidate his plea because after he made the assertion, Jones admitted to the factual basis for the guilty plea through affirmative responses to defense counsel's leading questions. The dissenting

5

court of appeals judge disagreed, concluding that the use of leading questions was insufficient to establish a factual basis because the questions immediately followed Jones's unaddressed assertion of innocence.

We granted Jones's petition for review.

**ANALYSIS**

On appeal, Jones argues that he should be allowed to withdraw his guilty plea to correct a manifest injustice. The validity of a guilty plea is a question of law we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Minnesota Rule of Criminal Procedure 15.05, subdivision 1, provides that a court must allow a defendant to withdraw a guilty plea if withdrawal is necessary to correct a manifest injustice. "A manifest injustice exists when a guilty plea is not valid. To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Bonnell v. State*, 984 N.W.2d 224, 226–27 (Minn. 2022) (citations omitted) (internal quotation marks omitted).

Jones does not dispute that the guilty plea was voluntary and intelligent—he only claims that the guilty plea was inaccurate. "Accuracy requires that the plea be supported by a proper factual basis, that there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Schwartz*, 957 N.W.2d 414, 418 (Minn. 2021) (citation omitted) (internal quotation marks omitted). Jones argues that his guilty plea was inaccurate because he made a statement at the plea hearing that negated at least one element of the charged offense, and his guilty plea was not sufficiently rehabilitated because defense counsel subsequently used

6

solely leading questions to elicit the necessary admissions for the factual basis. The State disagrees, arguing that Jones's affirmative responses to defense counsel's leading questions immediately corrected Jones's assertion of innocence and sufficiently established a proper factual basis. We agree with Jones.

For a guilty plea to be accurate, it must be supported by a proper factual basis. *Raleigh*, 778 N.W.2d at 94. This requirement is important because a defendant who enters a guilty plea "simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Under the rules governing guilty pleas in felony cases like Jones's, "[t]he defendant must state the factual basis for the plea." Minn. R. Crim. P. 15.01, subd. 1.8. This factual-basis requirement is satisfied if the record contains sufficient evidence to support a conclusion that the defendant is guilty of at least as great a crime as that to which he pled guilty. *State v. Epps*, 977 N.W.2d 798, 801 (Minn. 2022). The district court "need not personally interrogate the defendant prior to acceptance of a guilty plea if defense counsel and the prosecutor have established an adequate factual basis." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). But ultimately, it is the responsibility of the district court judge to ensure that an adequate factual basis has been established in the plea record. *Id.*

"The district court typically satisfies the factual basis requirement by asking the defendant to express in his own words what happened." *Raleigh*, 778 N.W.2d at 94. Although a defendant may be reluctant to elaborate on the details of the alleged crime, we have repeatedly discouraged the use of leading questions to establish a factual basis. *Id.*;

7

*see also State v. Hoaglund*, 240 N.W.2d 4, 6 (Minn. 1976); *Shorter v. State*, 511 N.W.2d 743, 744–45, 747 (Minn. 1994); *Ecker*, 524 N.W.2d at 717; *Nelson v. State*, 880 N.W.2d 852, 860 (Minn. 2016). We have never held, however, that the use of leading questions on its own invalidates a guilty plea. A district court's inquiry into the factual basis for a defendant's guilty plea need not follow a mechanical script—"different criminal charges and different defendants require courts to act flexibly to achieve constitutional ends." *State ex rel. T.M.*, 765 A.2d 735, 739 (N.J. 2001). Accordingly, we must examine a defendant's admissions "in light of all surrounding circumstances and in the context of an entire plea colloquy." *Id.*

A factual basis is inadequate, though, "when the defendant makes statements that negate an essential element of the charged crime," *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003), unless the defendant subsequently withdraws or corrects the statement, or the guilty plea is otherwise rehabilitated. *State v. Mikulak*, 903 N.W.2d 600, 603 (Minn. 2017); *see also State ex rel. Dehning v. Rigg*, 86 N.W.2d 723, 725 (Minn. 1957) (holding that defendant's guilty plea should not have been accepted after defendant stated that he did not know whether he was guilty of one of the essential elements of the crime charged). Nevertheless, even if a district court fails to elicit proper responses, "a defendant may not withdraw his plea 'if the record contains sufficient evidence to support the conviction.' " *Lussier*, 821 N.W.2d at 589 (quoting *Raleigh*, 778 N.W.2d at 94).

Here, Jones pleaded guilty to third-degree criminal sexual conduct using force. A person commits third-degree criminal sexual conduct using force if the person engages in non-consensual sexual penetration with another person using force. Minn. Stat. § 609.344,

8

subd. 1(c).[2] But moments after telling the district court judge that he was pleading guilty to third-degree criminal sexual conduct, Jones clearly stated that he did not commit "rape." Third-degree criminal sexual conduct is colloquially and historically referred to as "rape." Common definitions of rape include the three elements of third-degree criminal sexual conduct: sexual penetration, without consent, using force. *See Rape*, *The American Heritage Dictionary* 1458 (5th ed. 2011) (defining "rape" primarily as "the crime of using force or the threat of force to compel a person to submit to sexual intercourse"); *Rape*, *Merriam-Webster's Collegiate Dictionary* 1030 (11th ed. 2014) (defining "rape" as "unlawful sexual activity and usually sexual intercourse carried out forcibly or under threat of injury against the will" of the victim). And before 1975, third-degree criminal sexual conduct was called "aggravated rape" in the Minnesota Statutes. *See* Minn. Stat. § 609.291 (1974) (defining "aggravated rape" as "sexual intercourse . . . without that person's consent and . . . [t]he victim's resistance is overcome by force").[3] Accordingly, by stating on the record that he did not "rape" the alleged victim, Jones effectively asserted that he did not commit third-degree criminal sexual conduct.

---

[2]    *See* Minn. Stat. § 609.341, subd. 12 (2022) (defining "sexual penetration" as an act "committed without the complainant's consent"); Minn. Stat. § 609.341, subd. 3 (2022) (defining "force" as including "the infliction by the actor of bodily harm" or "the attempted infliction, or threatened infliction by the actor of bodily harm").

[3]    The Legislature revised the statutory scheme in 1975, deleting the crimes of "rape" and "aggravated rape" and establishing the varying degrees of criminal sexual conduct. Act of June 5, 1975, ch. 374, § 5, 1975 Minn. Laws 1243, 1244–48.

The State suggests that Jones's statement at the plea hearing was not necessarily a statement negating an element of third-degree criminal sexual conduct, and therefore the factual basis for Jones's plea is adequate, because it is not clear what Jones meant when he stated that he did not commit "rape." We acknowledge the ambiguity in Jones's statement. Jones might have meant that he did not commit an element of third-degree criminal sexual conduct, that he believed he had a valid defense to an element of that offense, or that he believed (mistakenly) that his conduct was lawful. Without further clarification from Jones on the record, however, we cannot ignore the possibility that Jones meant to dispute his guilt of one or more of the essential elements of third-degree criminal sexual conduct. We therefore conclude that by stating at the plea hearing that he did not commit "rape," Jones denied committing at least one element of the offense to which he was pleading guilty, effectively asserting his innocence of the crime.[4]

The State next argues that Jones's affirmative responses to defense counsel's leading questions—questions that suggest the answer to the person being interrogated and often may be answered by a "mere 'yes' or 'no' "—effectively corrected his prior assertion

---

[4]    In certain limited circumstances, a defendant may plead guilty to an offense even while maintaining innocence. *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977). These pleas, commonly known as *Alford* pleas, require the defendant to reasonably believe, and the record to establish, that the State has sufficient evidence to obtain a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *Ecker*, 524 N.W.2d at 716. The record does not contain such a showing here, and neither Jones nor the State contends that Jones's guilty plea was an *Alford* plea. We note also that Minnesota law does not recognize pleas of no contest or "nolo contendere." *See Doe 136 v. Liebsch*, 872 N.W.2d 875, 885 n.3 (Minn. 2015) (Lillehaug, J., dissenting); *State v. Kiewel*, 207 N.W. 646, 647 (Minn. 1926); *see also* Minn. R. Crim. P. 14.01 (providing for pleas of guilty, not guilty, and not guilty by reason of mental illness or cognitive impairment).

of innocence and established a sufficient factual basis. *Nelson v. State*, 880 N.W.2d 852, 860 n.3 (Minn. 2016). To do so, the State relies on our decision in *Nelson v. State*, where the defendant claimed that his plea to first-degree murder was inaccurate because he made statements at the plea hearing that negated intent and premeditation, such as claiming that he "lashed out irrationally" and the incident "just happened." *Id.* at 855 (internal quotation marks omitted). Nelson was neither asked to explicitly disavow these statements nor was he subsequently asked to express his intent in his own words; rather, he was asked several leading questions to establish the factual basis. Despite the use of leading questions, we held that the factual basis was sufficient to establish an accurate plea. *Id.* at 860–61.

*Nelson*, though, is distinguishable from this case for several reasons. First, immediately after Nelson made the statements that negated an element of the offense he was charged with, the district court judge stopped the plea proceedings to clarify Nelson's statements. *Id.* at 856. Defense counsel then took Nelson to the jury room to speak with him privately. *Id.* Only after their conversation did the district court resume the plea hearing and question Nelson using leading questions. *Id.* Second, Nelson was asked leading questions only at the end of the plea hearing. Before that, Nelson explained in his own words that he brought a knife to work on the day of the murder and planned to stab the victim. *Id.* at 855. This court found that these statements, among others, effectively established intent and premeditation, despite the court's use of "a few" leading questions later in the proceeding. *Id.* at 861.

Here, neither counsel nor the district court stopped proceedings to clarify Jones's assertion of innocence through any type of questioning, and Jones himself made no

11

admission of any element of the crime except in responses to defense counsel's leading questions. Accordingly, although the use of leading questions will not on its own invalidate a guilty plea, as demonstrated in *Nelson*, Jones's affirmative responses to *exclusively* leading questions were not sufficient to rehabilitate his plea after he asserted his innocence of the crime.[5]

Finally, the State argues that the allegations in the criminal complaint effectively establish the factual basis for Jones's guilty plea.[6] Although it is preferable that the factual basis be established from the defendant's own testimony after a plea of guilty, this approach is "not the exclusive method." *Kochevar v. State*, 281 N.W.2d 680, 686 (Minn. 1979). A proper factual basis can be established by other means, including statements summarizing the testimony of potential witnesses and statements summarizing the evidence that the State would present at trial. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983); *see also State v.*

---

[5] We recognize that our view of plea proceedings in district court is necessarily from a distance and based on a static record that may not reveal all considerations involved with a guilty plea on appeal. We also realize that district courts often handle high volume and unpredictable criminal calendars, that cases involving alleged criminal sexual conduct are in many cases extremely difficult for defendants and the victims, and that courts taking pleas in such cases are "undoubtedly conscious of the need to end the suffering." *State v. Smullen*, 571 A.2d 1305, 1310 (N.J. 1990). While open-ended questions are a preferred practice, we acknowledge that circumstances may exist where counsel and the district court could agree that employing certain follow-up leading questions is appropriate, for example to protect the defendant from admitting to a more serious charge or from potential collateral consequences of the defendant admitting to certain facts. We again emphasize, however, that leading questions are discouraged and should be used sparingly in guilty plea hearings.

[6] The State also suggests that Jones's signed Rule 15 plea petition helps to establish a factual basis, or at least bolsters the validity of his plea. But Jones's plea petition does not state any facts regarding the offense, and regardless, the signing of the Rule 15 petition is relevant to the intelligence and voluntariness of the plea, not the accuracy. *See State v. Lorentz*, 276 N.W.2d 37, 38 (Minn. 1979).

*Neumann*, 262 N.W.2d 426, 432–33 (Minn. 1978), *overruled on other grounds by State v. Moore*, 481 N.W.2d 355 (Minn. 1992) (factual basis established by testimony from partial trial); *Lussier*, 821 N.W.2d at 589 (factual basis established by grand jury transcript).

A factual basis may also be established, at least in part, by the allegations in the complaint. In *State v. Trott*, we stated that because the record contained a copy of the complaint, "defendant, by his plea of guilty, in effect judicially admitted the allegations contained in the complaint." 338 N.W.2d at 252. But in *Trott*, the defendant did not assert his innocence. Accordingly, here, in light of Jones's assertion of innocence, the allegations in the complaint do not establish a sufficient factual basis to support his guilty plea.

The State also indirectly argues that Jones's inaccurate plea was "cured" when, after reiterating his innocence at the first sentencing hearing, Jones did not move to withdraw his guilty plea when the district court judge continued the hearing. This argument is unavailing for two reasons. First, a defendant is not required to make a motion to withdraw a guilty plea in the district court. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989) ("A defendant is free to simply appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate in one or more of these respects."). Second, when a defendant makes a statement that negates an element of the offense, the "cure" is the defendant's subsequent credible admission of the element. *See Mikulak*, 903 N.W.2d at 605 (concluding that the defendant's factual basis was insufficient because his statements negating the mens rea element of the charged offense were "not withdrawn or corrected"). Because Jones subsequently admitted each element solely

13

through affirmative responses to leading questions, and his assertion of innocence was not addressed by the district court or counsel, no such "cure" occurred here.

\* \* \*

In sum, Jones made a statement at the plea hearing essentially negating an element of the charged offense, defense counsel only asked leading questions to attempt to rehabilitate Jones's plea, Jones did not withdraw or correct the statement on the record, and the factual basis for the plea was not sufficiently established by other means. Under these circumstances, we conclude that Jones's guilty plea was inaccurate, and he is therefore entitled to withdraw the plea to correct a manifest injustice under Minn. R. Crim. P. 15.05, subd. 1.

**CONCLUSION**

For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court for further proceedings consistent with this opinion.

Reversed and remanded.


HENNESY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.